HONORÉ, PLAINTIFF AND APPELLEE, *v.* VARGAS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action of Unlawful Detainer.—Motion for Dismissal.

No. 3479.—Decided February 20, 1925.

APPEAL—DISMISSAL OF APPEAL—FILING RECORD—NOTICE.—The appellee bases his motion for dismissal on the fact that as the appellant delivered the transcript of the record to the secretary of this court at his home on Saturday, November 8, 1924, when the time allowed for filing it expired, and the secretary filed it in his office on November 10, 1924, such delivery can not be considered as a filing by the appellant of the said transcript in this court. *Held:* That the period not being jurisdictional, as in the case of *American Colonial Bank* v. *Ramos*, decided December 23, 1924, and it appearing that notice of the motion was not given to the appellant until after the record had been filed, the appeal should not be dismissed.

The facts are stated in the opinion.

*Messrs. Alemañy & Ramírez* for the appellant.

*Mr. A. A. Vázquez* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The appellee bases his motion for dismissal of the appeal on the allegation that as the appellant delivered the transcript of the record to the secretary of this court at his home on Saturday, November 8, 1924, the day on which the time allowed for filing it expired, and the said secretary filed it in his office on November 10, 1924, such delivery is not sufficient to support a holding that the appellant has filed the said transcript in this court.

Notice of the appellee's motion appears to have been given to the appellant on January 21, 1925, and the transcript of the record had been filed in the office of the secretary on November 10, 1924.

The question involved in this case has been repeatedly decided by this Supreme Court.

In the case of *Suau* v. *San Juan School Board,* 31 P.R.R. 164, the following was said:

"Although an appeal may have been filed after the expiration of the time allowed, it should not be dismissed, nor should the transcript of the evidence be stricken out, if the motions for those purposes were served on the appellant after the appeal had been taken. The Act of March 9, 1911, amending section 299 of the Code of Civil Procedure did not deprive the Supreme Court of its discretional power under Rule 58."

A similar holding was made in *Chiqués* v. *Diez,* 26 P. R.R. 190.

However, the appellee cites in his favor the recent case of *American Colonial Bank* v. *Ramos et al., ante,* page 851. That case is not in point. It refers to the failure to file the notice of appeal in time, a jurisdictional question. Such is not the case as regards a transcript of the record, for failure to file it within the time allowed is not a jurisdictional defect. *Santiago* v. *Noa et al.,* 20 P.R.R. 414.

On the other hand, the appellee has erroneously construed the *American Colonial Bank Case, supra,* for it was clearly held therein that a document is filed when the secretary files it in his office. In this case, although the secretary

received the transcript at his home, he filed it later in his office when the appellee's motion for dismissal of the appeal had not been filed nor served on the appellant.

The motion of the appellee must be overruled.

*Motion overruled.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.